Index No.:  15 Civ. 08314 (VSB)(AP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYKEL ISBELL, DEBORAH PICKETT, and
CATHLEEN NORMAN-DELGADO,

Plaintiffs,

-against-

THE CITY OF NEW YORK and PATRICIA LE GOFF,
in her official and individual capacities,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 2-171*
*New York, NY 10007*

*Of Counsel:  Shira Blank*
*Tel:  (212) 356-2475*
*Matter No. 2015-011197*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 3

        A.    Factual Background ......................................................................... 3

        B.    Plaintiffs' SDHR Filings.................................................................. 5

ARGUMENT

     POINT I

          ANY OF PLAINTIFFS' CLAIMS WHICH
          ACCRUED BEFORE OCTOBER 21, 2012 ARE
          TIME BARRED....................................................................... 7

     POINT II

          PLAINTIFFS' NYSHRL AND NYCHRL CLAIMS
          ARE BARRED BY THE ELECTION OF
          REMEDIES............................................................................. 7

     POINT III

          PLAINTIFFS' §§ 1981 AND 1983 CLAIMS ARE
          BARRED BY THE COLLATERAL ESTOPPEL
          EFFECT OF THE SDHR'S FINDINGS .................................... 9

     POINT IV

          PLAINTIFFS' § 1981 CLAIMS MUST BE
          DISMISSED ......................................................................... 10

     POINT V

          PLAINTIFFS' EQUAL PAY ACT AND NEW
          YORK LABOR LAW CLAIMS FAIL...................................... 11

     POINT VI

          PLAINTIFFS' DISPARATE TREATMENT,
          RACE DISCRIMINATION AND RETALIATION
          CLAIMS FAIL....................................................................... 13

**Page**

A.   Applicable Pleading Standard.........................................................13

B.   Plaintiffs' Fail To State A Claim for Disparate Treatment And Race Discrimination.............................................................14

C.   Plaintiffs Fail to State A Retaliation Claim .................................17

POINT VII

PLAINTIFFS HAVE NOT STATED A MONELL CLAIM TO SUSTAIN THEIR §§ 1981 AND 1983 CLAIMS AGAINST THE CITY.............................................................18

CONCLUSION.............................................................................................19

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Pages**

Abdul-Hakeem v. Parkinson,
   523 F. App'x 19 (2d Cir. 2013) ............................................................................14

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)............................................................................11, 13

Askin v. Dept. of Educ. of the City of New York,
   973 N.Y.S.2d 629 (App. Div. 1st Dept. 2013)............................................15, 16, 17

Baldwin v. Cablevision Sys. Corp.,
   65 A.D.3d 961 (1st Dept. 2009)............................................................................17

Belfi v. Prendergast,
   191 F.3d 129 (2d Cir. 1999)............................................................................11

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)............................................................................11, 13, 14

Ben-Levy v. Bloomberg, L.P.,
   518 F. App'x 17 (2d Cir. 2013) ............................................................................14

Bermudez v. City of New York,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011)......................................................................10

Bright v. Coca Cola Refreshments USA, Inc.,
   2014 U.S. Dist. LEXIS 155565 (E.D.N.Y. Nov. 3, 2014)
   aff'd Kishia Bright v. Coca-Cola Refreshments USA, Inc.,
   2015 U.S. App. LEXIS 22042 (2d Cir. Dec. 18, 2015)............................................15

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)............................................................................3

Cooper v. Morgenthau,
   2001 U.S. Dist. LEXIS 10904 (S.D.N.Y. July 31, 2001) ......................................16

De Cintio v. Westchester County Medical Ctr.,
   821 F.2d 111 (2d Cir. 1987).............................................................................9

Feingold v. New York,
   366 F.3d 138 (2d Cir. 2004) (§ 1983) ....................................................................9

Fletcher v. The Dakota, Inc.,
   99 A.D.3d 43 (1st Dept. 2012)............................................................................17

**Cases**                                                                                                  **Pages**

Forrest v. Jewish Guild for the Blind,
    3 NY3d 295 (2004) ..................................................................14, 17

Gladwin v. Pozzi,
    403 F. App'x 603 (2d Cir. 2010) .......................................................10

Hernandez v. Kaisman,
    103 A.D.3d 106, 957 N.Y.S.2d 53 (1st Dep't 2012) ...........................15

Jett v. Dallas Indep. Sch. Dist.,
    491 U.S. 701 (1989)...........................................................................10, 18

Kasraie v. Jumeirah Hospitality & Leisure (USA), Inc.,
    2013 U.S. Dist. LEXIS 147805 (S.D.N.Y. Oct. 10, 2013) ..................16

King v. United States Sec. Assocs.,
    11 Civ. 4457 (DAB) (MHD), 2012 U.S. Dist. LEXIS 133339
    (S.D.N.Y. Aug. 22, 2012) ..................................................................14

Lehman v. Bergmann Assocs.,
    11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) ......................................11, 12

Lissak v. United States,
    49 Fed Cl 281 (2001) .......................................................................12, 13

Llanos v. City of New York,
    129 A.D.3d 620 (1st Dep't 2015) ....................................................14, 17

Lomako v. New York Inst. of Tech.,
    2010 U.S. Dist. LEXIS 46549 (S.D.N.Y. May 12, 2010)
    aff'd Lomako v. New York Inst. of Tech., 440 Fed. Appx. 1 (2d Cir. 2011)............8

Macer v. Bertucci's Corp.,
    No. 13 Civ. 2994 (JFB) (ARL), 2013 U.S. Dist. LEXIS 170367
    (E.D. N.Y. Dec. 3, 2013) ...................................................................3

Mejia v. New York City Health & Hosps. Corp.,
    2014 U.S. Dist. LEXIS 69715 (S.D. N.Y. May 19, 2014)......................3

Monell v. Dep't of Soc. Servs.,
    436 U.S. 658 (1978)...........................................................................18

Morales v. Rooney,
    509 F. App'x 9 (2d Cir. 2013) ..........................................................14

**Cases**                                                      **Pages**

Norville v. Staten Island Univ. Hosp.,
   196 F.3d 89 (2d Cir. 1999) ...................................................................................14

Patane v. Clark,
   508 F.3d 106 (2d Cir. 2007) .................................................................................17

Patterson v. County of Oneida,
   375 F.3d 206 (2d Cir. 2004) .................................................................................18

Pearl v. City of Long Beach,
   296 F.3d 76 (2d Cir. 2002) .....................................................................................7

Pfeiffer v. Lewis Cnty.,
   308 F. Supp. 2d 88 (N.D.N.Y. 2004) ...................................................................11

Philippeaux v. North Cent. Bronx Hosp.,
   No. 96-7362, 1996 U.S. App. LEXIS 30736, 1996 WL 680758
   (2d Cir. Nov. 22, 1996) ........................................................................................18

Rivera v. Rochester Genesee Reg'l Transp. Auth.,
   702 F.3d 685 (2d Cir. 2012) .................................................................................15

Ryduchowski v. Port Auth.,
   203 F3d 135 (2d Cir 2000) ...................................................................................11

Sheila v. McGuinness,
   263 F.3d 49 (2d Cir. 2001) ...................................................................................11

Sikri v. Gilmore,
   1999 U.S. Dist. LEXIS 3283 (S.D.N.Y. 1999) .......................................................9

Sullivan v. Newburgh Enlarged Sch. Dist. Clarence Cooper,
   281 F. Supp. 2d 689 (S.D.N.Y. 2003) ..................................................................15

Suzuki v. State Univ. of New York Coll. at Old Westbury,
   2013 U.S. Dist. LEXIS 83555 (E.D.N.Y. June 13, 2013) .................................11, 12

Thompson v. ABVI Goodwill Services,
   2013 U.S. App. LEXIS 18680 (2d Cir. 2013) .......................................................16

University of Tennessee v. Elliott,
   478 U.S. 788 (1986) ................................................................................................9

Walker v. City of New York,
   11 Civ. 2941 (KPF), 2014 U.S. Dist. LEXIS 41287, 2014 WL 1244778
   (S.D.N.Y. Mar. 26, 2014) .....................................................................................10

**Cases**                                                                                                           **Pages**

White v. Eastman Kodak Co.,
    10 U.S. App. LEXIS 4447 (2d Cir. 2010) ...........................................................................9

Whitfield-Ortiz v. Department of Educ. of the City of New York,
    116 A.D.3d 580 (1st Dep't 2014) ...................................................................................17

Whitting v. Locust Valley Cent. Sch. Dist.,
    2012 U.S. Dist. LEXIS 152233 (E.D.N.Y. Oct. 22, 2012) .............................................16

**Statutes**

42 U.S.C. § 1981 ....................................................................1, 2, 3, 7, 9, 10, 13, 14, 17, 18

42 U.S.C. § 1983 ....................................................................1, 2, 3, 7, 9, 10, 13, 14, 17, 18

C.P.L.R. § 214(2) ....................................................................................................................7

Fed. R. Civ. P. 12(b) ...................................................................................................1, 11, 13

New York City Human Rights Law.....................................1, 2, 5, 7, 8, 13, 14, 15, 16, 17

New York State Human Rights Law ....................................1, 2, 5, 7, 8, 13, 14, 15, 16, 17

New York Labor Law § 194 ........................................................................1, 2, 11, 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MYKEL ISBELL, DEBORAH PICKETT, and
CATHLEEN NORMAN-DELGADO

                                        Plaintiffs,
                                                        15 Civ. 08314 (VSB)(AP)
                        -against-

THE CITY OF NEW YORK and PATRICIA LE
GOFF, in her official and individual capacities,


                                        Defendants.

------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Defendants the City of New York ("City") and Patricia Le Goff (collectively "defendants") respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss plaintiffs' complaint.

Plaintiffs Mykel Isbell ("Isbell"), Deborah Pickett ("Pickett") and Cathleen Norman-Delgado ("Norman-Delgado") are New York City Department of Correction ("DOC") employees who allege that they have been subject to disparate treatment on the basis of their gender (female) and race (African American), discrimination on the basis of their race and retaliation. Plaintiffs allege their claims under the Equal Pay Act, New York Labor Law § 194, the New York State Human Rights Law, the New York City Human Rights Law, 42 U.S.C. § 1983 and 42 U.S.C. § 1981. The complaint fails to provide any dates in support of any of plaintiffs' allegations. Nevertheless, plaintiffs allege that they were treated differently, and paid less than a single individual, Dennis Wall, whom they describe as "White Caucasian," and whom

they allege had the same job title and job duties as they did.  Plaintiffs also allege that at some unspecified time, defendant Patricia Le Goff retaliated against them when they "opposed her comments."  Plaintiffs do not allege how they were retaliated against.  These deficiencies, as well as others discussed below, demonstrate that plaintiffs' complaint should be dismissed.

First, any of plaintiffs' §§ 1981 and 1983, New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims which occurred before October 21, 2012 are barred by the three year statute of limitations period.

Second, many of plaintiffs Isbell and Norman-Delgado's NYSHRL and NYCHRL claims are barred by the election of remedies, because these plaintiffs previously filed a complaint with the New York State Division of Human Rights ("SDHR"), based on these same allegations.  Notably, the SDHR reached a finding of no probable cause on each of their complaints.  These findings include: that Isbell's claims failed to demonstrate that Ms. Le Goff had discriminated against her on the basis of her race, or retaliated against her, and that Norman-Delgado failed to demonstrate that Ms. Le Goff had created a hostile work environment for African-Americans in the department.

Third, defendants are entitled to the preclusive effect of the SDHR's factual findings with respect to plaintiffs' §§ 1981 and 1983 claims.

Fourth, plaintiffs' § 1981 claim fails because when the defendant is a state actor, § 1983 is the exclusive remedy for violations guaranteed under § 1981.

Fifth, plaintiffs' Equal Pay Act ("EPA") and New York Labor Law ("NYLL") § 194 claims must be dismissed for failure to state a claim.

Sixth, plaintiffs' disparate treatment, discrimination and retaliation claims fail to state a claim upon which relief may be granted.

Seventh, plaintiffs have not stated a <u>Monell</u> claim, so their §§ 1981 and 1983 claims against the City should be dismissed.

## STATEMENT OF FACTS[1]

### A.     Factual Background

Plaintiffs allege that they have been "economically injured" by defendants' failure to pay them the same annual salary as Dennis Wall, whom they describe as "White Caucasian." <u>See</u> Complaint filed at Docket Entry No. 1 ("Compl.") at ¶ 16.  Plaintiffs allege that Isbell began working for DOC on August 30, 2004, Pickett began working for DOC in March 2007 and Norman-Delgado began working for DOC in February 2007.  Compl. at ¶¶ 18-20.  Though they allege that Mr. Wall began working in DOC's Equal Employment Opportunity ("EEO") Department at some unspecified time in 2012, they fail to note when he began working for DOC.  Compl. at ¶ 23.  Mr. Wall was hired by DOC in 1984.

Plaintiffs allege that the wage disparity is "because of their gender, sex, and race." Compl. at ¶ 32.  Plaintiffs do not allege that any other females of any race, in any other divisions

---

[1] For the purposes of this motion to dismiss only, the material factual allegations asserted by plaintiffs, the relevant ones of which are summarized in this Statement of Facts, are deemed to be true.  Where appropriate, defendants have also summarized additional facts, set forth in the documents attached to the instant motion.  This Court may also consider the documents annexed to the Declaration of Assistant Corporation Counsel Shira M. Blank dated February 18, 2016 in reviewing this motion.  <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); <u>Macer v. Bertucci's Corp.</u>, No. 13 Civ. 2994 (JFB) (ARL), 2013 U.S. Dist. LEXIS 170367, at *1-2,  n.1 (E.D. N.Y. Dec. 3, 2013) ("in deciding motions to dismiss in discrimination actions, courts regularly take notice of [SDHR] filings and determinations relating to a plaintiff's claims").  Here, defendants respectfully request that this Court take judicial notice of and/or otherwise deem admissible on this motion, the documents attached to the above-referenced Declaration, including the plaintiffs' SDHR filings, which plaintiffs refer to in the complaint, as well as the SDHR determinations.  <u>See</u> <u>Mejia v. New York City Health & Hosps. Corp.</u>, 2014 U.S. Dist. LEXIS 69715, at *6-7 (S.D. N.Y. May 19, 2014)<u>.</u>

of DOC, are paid less than their male counterparts, or that any other females who work in the same division as them are paid less than their male counterparts.  See Compl., passim.

Plaintiffs also allege that they were "subjected to a severe and pervasive hostile work environment and treated less than well than Mr. Wall because of their race, gender and sex."  Compl. at ¶ 33.  Plaintiffs do not actually state *how* or *when* they were treated differently than Mr. Wall, or any other individuals of any race or gender at DOC, except to state that they were "heavily scrutinized" and their work was criticized when they were unable to meet deadlines, and "Mr. Wall was not subject to similar harassment." Compl. at ¶¶ 36- 37.  In fact, plaintiffs' complaint does not provide any timeline of when plaintiffs were allegedly subjected to disparate treatment. See Compl. generally.

Plaintiffs allege that "on a number of occasions," they complained to Ms. Le Goff about the "disparate treatment" to which were subjected.  Compl. at ¶ 54.  Plaintiffs do not provide any dates, or even the years, in which they claim they made these complaints.  See id.

Plaintiffs also allege that Ms. Le Goff retaliated against them "because they opposed her comments and because Plaintiff Isbell reported the unlawful conduct to other departments of the DOC." Compl. at ¶ 53. Plaintiffs do not state what comments or allegedly unlawful conduct they complained about, how many times, or when they complained. Additionally, plaintiffs do not specify how they were in fact retaliated against.  See Compl. generally.

Plaintiffs also allege that they each filed a complaint with the SDHR alleging "unlawful pay disparities, as well as a hostile work environment, and disparate treatment based on their race."  Compl. at ¶ 57.

**B.     Plaintiffs' SDHR Filings**

Plaintiff Isbell filed three related discrimination complaints against Ms. Le Goff with the SDHR on December 30, 2014, February 26, 2015 and March 18, 2015. These SDHR Complaints are annexed to the supporting Declaration of Shira M. Blank as Exhibits ("Ex.") A through C.[2]   In the first complaint, Isbell alleged that Ms. Le Goff was engaging in discrimination on the basis of her race, and retaliating against her for filing another, separate SDHR complaint against Zalina Rahman, who was both Ms. Le Goff's assistant and another DOC employee.  See Ex. A.  Isbell had previously charged Ms. Rahman with discrimination on the basis of a perceived disability; the SDHR dismissed that complaint, finding no probable cause.  See Ex. D at p. 1.  Specifically, Isbell alleged that Ms. Le Goff had "harassed" her, denied her training, denied her leave time, wrote Isbell up for being "AWOL" in April of 2014, and claimed that Isbell's medical documentation in support of her leave time was "fraudulent." See Ex. A at p. 6.

On June 15, 2015, the SDHR issued a finding of no probable cause on each of these claims by plaintiff Isbell, and that it could not "conclude that a violation of the [NYSHRL] had occurred as alleged."    See Ex. D  p. 1-2.   Specifically, the SDHR found that the "investigation does not support Complainant's allegations regarding denial of training" and that the "investigation does not support [Isbell's] allegations regarding scrutiny of her work and attendance."  Ex. D at p. 2.  Additionally, the SDHR found that Isbell "remains employed at the same terms and conditions as before," and that "[defendant] had legitimate, non-discriminatory reasons for its treatment of [plaintiff] which [plaintiff] could not prove as pretext."  Ex. D at p. 2.

---

[2] Unless otherwise noted, all exhibits referenced are annexed to the Declaration of Shira M. Blank, dated February 18, 2016 ("Blank Decl.").

In the second SDHR complaint, Isbell alleged that Ms. Le Goff had engaged in discrimination on the basis of her race, and retaliation when she "harassed and badgered [Isbell] for taking a sick day" to attend previously scheduled medical appointments that Isbell admittedly "forgot about." Ex. B at ¶¶ 1, 14.  Isbell alleged that when she spoke to Ms. Le Goff and told her that she "forgot" about her medical appointments, Ms. Le Goff "leaned in from her seat behind the desk" and told Isbell "that [she] need[s] to remember [her] medical appointments."  Ex. B. at ¶¶ 13-14.  Isbell did not allege that Ms. Le Goff actually denied her leave requests at any point. See Ex. B.

In the third SDHR complaint, Isbell alleged that Ms. Le Goff discriminated on basis of her race, and retaliated against her when she denied Isbell the ability to participate in a training program that was for managerial level employees.  See Ex. C.  Isbell was an associate investigator in the EEO Department at this time. Compl. at ¶ 22.  Accordingly, she was not eligible for this training.

No finding was reached on the second and third SDHR complaints, as plaintiff stated that she intended to pursue remedies in court. See Ex. I.

Plaintiff Norman-Delgado filed an SDHR complaint against Ms. Le Goff on May 29, 2013, alleging that Ms. Le Goff created a racially hostile environment for African-Americans in the department when, among other things, Ms. Le Goff accused her of sleeping during a training session and asked her to lower her voice. See Ex. E at p.1. Additionally, Norman-Delgado claimed that Ms. Le Goff had denied her overtime.  See Ex. E at p. 2.  The SDHR again issued a finding of no probable cause on November 21, 2013, finding that none of the alleged actions were materially adverse to Norman-Delgado. See Ex. E at p. 2.  The SDHR noted that contrary to Norman-Delgado's claim, the fact "that [Le Goff] is not the same race as [Norman-

- 6 -

Delgado] does not, without more, make any of her supervisory actions racially discriminatory." Id.  The SDHR found that Norman-Delgado's claim that Ms. Le Goff denied her overtime because of her race failed as well.  See Ex. E at p. 2.

All three plaintiffs filed nearly identical wage disparity complaints with the SDHR at various times, alleging that they had been paid less than a male associate investigator. These complaints are annexed to the Blank Decl. as Exhibits F – H.  No finding was reached on these complaints, as plaintiffs stated that they intended to pursue remedies in court.  See Ex. I.

## ARGUMENT

### POINT I

### ANY OF PLAINTIFFS' CLAIMS WHICH ACCRUED BEFORE OCTOBER 21, 2012 ARE TIME BARRED

Plaintiffs' complaint does not provide any timeline, or even identify any years that plaintiffs were allegedly subjected to disparate treatment. It is settled, however, that any of plaintiffs §§ 1981 or 1983 claims which occurred prior to October 21, 2012 – three years prior to the filing of the complaint in this action – would be barred by the three year statute of limitations period. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  Any NYSHRL and NYCHRL claims that accrued more than three years prior to the filing of the complaint, and are not otherwise barred by plaintiffs' decision to pursue those claims administratively, are time barred. C.P.L.R. § 214(2).

### POINT II

### PLAINTIFFS' NYSHRL AND NYCHRL CLAIMS ARE BARRED BY THE ELECTION OF REMEDIES

The SDHR's findings of no probable cause on Isbell and Norman-Delgado's complaints require that their NYSHRL and NYCHRL claims that were adjudicated by the SDHR

are barred under the election of remedies.  N.Y. Exec. Law § 296; N.Y.C. Admin. Code § 8-502(a).  It is well settled that both statutes "contain an 'election of remedies' provision which permits litigants to elect to pursue his or her claims either in the administrative setting or in the courts, but not both." Lomako v. New York Inst. of Tech., 2010 U.S. Dist. LEXIS 46549 (S.D.N.Y. May 12, 2010) ("Thus, as the Second Circuit has acknowledged, 'by the terms of the statute and code, respectively, the [NYSHRL] and [NYCHRL] claims, once brought before the [SDHR], may not be brought again as a plenary action in another court'") aff'd Lomako v. New York Inst. of Tech., 440 Fed. Appx. 1 (2d Cir. 2011).

Here, plaintiffs Isbell and Norman-Delgado pursued their remedies administratively, filing complaints with the SDHR alleging that Ms. Le Goff had engaged in discrimination and retaliated against them.  See Exs. A-C, E.  Though Isbell filed three such complaints alleging discrimination on the basis of her race and retaliation, the first, in which the SDHR reached a finding of no probable cause as to all of her claims, was the broadest of the three, and identical in many respects to the allegations here.  See Exs. C, D (alleging that Ms. Le Goff scrutinized her work, harassed her, questioned her integrity).  Similarly, Norman-Delgado alleged that Ms. Le Goff discriminated against her on the basis of her race, and that she was the victim of disparate treatment on account of her race.  See Ex. E.  As a result, plaintiffs are barred by the election of remedies doctrine from asserting their purported NYSHRL and NYCHRL claims in this federal action, and any such claims must be dismissed.  See N.Y. Exec. Law § 296; N.Y.C. Admin. Code § 8-502(a).

POINT III

**PLAINTIFFS' §§ 1981 AND 1983 CLAIMS ARE BARRED BY THE COLLATERAL ESTOPPEL EFFECT OF THE SDHR'S FINDINGS**

To state a claim of discrimination based on race or gender under §§ 1981 or 1983 each plaintiffs must show that (1) they belonged to a protected class; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory animus. See White v. Eastman Kodak Co., 10 U.S. App. LEXIS 4447, at *2-3 (2d Cir. 2010) (§ 1981 and SHRL); Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004) (§ 1983). Plaintiffs Isbell and Norman Delgado cannot support the third and fourth elements, based on the SDHR's findings.

The SDHR's findings are entitled to preclusive effect as to plaintiffs' §§ 1981 and 1983 claims. See Sikri v. Gilmore, 1999 U.S. Dist. LEXIS 3283, *3-4 (S.D.N.Y. 1999). The U.S. Supreme Court has held that "when a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." University of Tennessee v. Elliott, 478 U.S. 788, 799, (1986). The Second Circuit has applied this analysis to plaintiffs' claims under § 1981. De Cintio v. Westchester County Medical Ctr., 821 F.2d 111, 118 (2d Cir. 1987).

Here, plaintiffs Isbell and Norman Delgado cannot credibly contend that they lacked the opportunity to litigate their claims in the SDHR. The SDHR issued no probable cause findings on plaintiffs' claims that Ms. Le Goff had engaged in discriminatory practices or retaliation. Among the factual findings the SDHR reached were: there was no support for Isbell's "allegations regarding scrutiny of her work and attendance," and that defendants "had

legitimate, non-discriminatory reasons for [their] treatment of [plaintiff] which [she] could not prove as pretext." Ex. D at p. 2. Additionally, the SDHR found that there was no support for Norman-Delgado's claim that Ms. Le Goff created a racially hostile environment for African-Americans, that Norman-Delgado had been denied overtime, or that she was treated differently because of her race. See Ex. E at p. 2. As such, consistent with the case law cited above, these findings are entitled to preclusive effect and plaintiffs Isbell and Norman-Delgado's §§ 1981 and 1983 claims should be dismissed on the basis of these findings.

**POINT IV**

**PLAINTIFFS' § 1981 CLAIMS MUST BE DISMISSED**

Plaintiffs' § 1981 claims fail for additional reasons than those asserted in Points I and III supra. When the defendant is a state actor, § 1983 is the exclusive remedy for violations of rights guaranteed under § 1981. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989); see also Gladwin v. Pozzi, 403 F. App'x 603, 605 (2d Cir. 2010) (plaintiff's § 1981 claims are "encompassed" by her § 1983 claims); Walker v. City of New York, 11 Civ. 2941 (KPF), 2014 U.S. Dist. LEXIS 41287, at *24 n.6, 2014 WL 1244778 (S.D.N.Y. Mar. 26, 2014); Bermudez v. City of New York, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011). Here, plaintiffs proceed under §§ 1981 and 1983 against the City and Ms. Le Goff. Accordingly, plaintiffs' claims which seek relief under § 1981 must be dismissed.

## POINT V

## PLAINTIFFS' EQUAL PAY ACT AND NEW YORK LABOR LAW CLAIMS FAIL[3]

In order to establish a prima facie case under the EPA and NYLL § 194, plaintiffs must allege that "i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions." Ryduchowski v. Port Auth., 203 F3d 135, 142 (2d Cir 2000) (quoting Belfi v. Prendergast, 191 F.3d 129, 135 (2d. Cir. 1999)); see Pfeiffer v. Lewis Cnty., 308 F. Supp. 2d 88, 98 n.8 (N.D.N.Y. 2004) (An equal pay claim under NYLL § 194 "is analyzed under the same standards applicable to the federal Equal Pay Act"). Plaintiffs cannot maintain a claim under either of these provisions based on their conclusory allegation that one male, Mr. Wall, was allegedly being made paid more than them**.**

It is well settled that "bald allegations that male employees were paid more than female employees . . . will not survive a motion to dismiss," and that "conclusory allegations c[an]not withstand a Rule 12(b)(6) motion to dismiss an EPA claim." Lehman v. Bergmann Assocs., 11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) (citing Suzuki v. State Univ. of New York Coll. at Old Westbury, 2013 U.S. Dist. LEXIS 83555, at *4 (E.D.N.Y. June 13, 2013)).   In Sheila v. McGuinness, 263 F.3d 49, 55-56 (2d Cir. 2001), the Second Circuit upheld the lower court's dismissal of plaintiff's equal pay claims because plaintiff failed to proffer any history or past practice of paying female employees less, and failed to offer any statement or conduct by the defendant evincing hostile animus towards women. Moreover, courts have dismissed equal

---

[3] Plaintiffs have not pled any facts in support of their claim that they were retaliated against in contravention of the EPA and NYLL.  See Compl. generally.  Accordingly, there is no need for defendants to address that claim here.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation")  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007))

pay claims where a plaintiff failed to allege how his or her position and the comparison position were substantially similar.  Lehman supra (citing Suzuki supra) (dismissing plaintiff's EPA claim where she provided no substance as to what made her position substantially similar to that of her male counterparts, or allegations regarding responsibilities they shared).

The instant plaintiffs' complaint suffers from the same deficiencies which have led courts in this circuit to reject similar claims.  As in McGuiness supra, plaintiffs' complaint does not set forth any conduct by defendants "evincing hostile animus towards women."  On the contrary, plaintiffs have done nothing more than refer to one male employee and assert "bald allegations" that he was paid more than them.  See Lehman supra.

Moreover, the plain language of both statutes also demonstrates why plaintiffs' claims must be dismissed.  Both the EPA and NYLL prohibit a differential in rate of pay because of sex, "*except* where payment is made pursuant to a differential based on a seniority system; a merit system . . . or any factor other than sex."  See NYLL § 194 (emphasis supplied).  It is well settled that a "[d]efendant's system of differing pay and classification rules, which resulted from a series of collective bargaining agreements, is a bona-fide, gender-neutral, acceptable personnel policy that constitutes a factor other than sex under the Act."  Lissak v. United States, 49 Fed Cl 281, 286 (2001) (holding that "[t]he pay disparity between plaintiffs and their male co-workers resulted from a personnel policy in which gender played no part").  Additionally, where a defendant's "pay and classification system applies different rules to different employees based on the date of hire," this would be a "bona-fide personnel policy" for which gender plays no part, and accordingly, it would not be actionable by plaintiffs.  See id.

Interestingly, while plaintiffs have provided their own dates of hire, they fail to include Mr. Wall's, see Compl. at ¶¶ 18-20, 23, he was hired in 1984, approximately twenty

years before them.   See Lissak supra.  Additionally, as plaintiffs are well aware, plaintiffs' and

Mr. Wall's salaries are all subject to a collective bargaining agreement, and accordingly, any pay

disparity results from a "personnel policy in which gender play[s] no part." See Lissak supra; see

http://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/cbu03-Social-services-and-

related-titles-030308-%20to-03-02-10.pdf (website last accessed February 17, 2016).   To the

extent that plaintiffs are unhappy with the terms of the collective bargaining agreement, such an

allegation is not made in the complaint, and would be better addressed outside litigation.

**POINT VI**

**PLAINTIFFS' DISPARATE TREATMENT,
RACE DISCRIMINATION AND
RETALIATION CLAIMS FAIL**

**A.       Applicable Pleading Standard**

For the reasons stated in Points I-V supra, many of plaintiffs' claims fail.  The

remaining causes of action alleging disparate treatment on the basis of the race and sex under the

NYSHRL and NYCHRL, race discrimination under §§ 1981 and 1983, a hostile work

environment, and retaliation under all four statutes, should be dismissed as well.

To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must plead facts

adequate "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, plaintiffs

must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has

acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Id.  Indeed, "[w]here a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

- 13 -

and plausibility of 'entitlement to relief,' and must, therefore be dismissed.  Id.; Twombly, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

Although plaintiffs need not establish a prima facie case at this stage, they must allege sufficient facts to plead a plausible claim, and they must allege facts that allow the Court, in substance, to infer the elements of a prima facie case.  King v. United States Sec. Assocs., 11 Civ. 4457 (DAB) (MHD), 2012 U.S. Dist. LEXIS 133339, *12 (S.D.N.Y. Aug. 22, 2012). Plaintiffs' failure to provide any facts in support of their causes of action is fatal to their claims.

**B.     Plaintiffs' Fail To State A Claim for Disparate Treatment And Race Discrimination**

"The substantive standards for employment discrimination claims under §§ 1981 and 1983 mirror those for claims under Title VII . . . except that the former provisions always require a showing of discriminatory intent."  Morales v. Rooney, 509 F. App'x 9, 10 (2d Cir. 2013); see also   Forrest v. Jewish Guild for the Blind, 3 NY3d 295, 304 (2004) (dictating the same requirement of discriminatory intent for claims under the NYSHRL); Ben-Levy v. Bloomberg, L.P., 518 F. App'x 17, 20 (2d Cir. 2013) (though the NYCHRL allows for a more liberal construction of discrimination claims, it "still requires a showing of some evidence from which discrimination can be inferred," and a discriminatory animus).

To state a claim under each of these provisions, plaintiffs must first establish a prima facie case by demonstrating that: "1) [they are] a member of a protected class; 2) [they were]  qualified for . . . [the] position [at issue]; 3) [they] suffered an adverse employment action; and 4) the action occurred under circumstances giving rise to an inference of discrimination." Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999); see also Abdul-Hakeem v. Parkinson, 523 F. App'x 19, 20 (2d Cir. 2013); Forrest  supra; Ben-Levy supra; see Llanos v.

- 14 -

City of New York, 129 A.D.3d 620 (1st Dep't 2015) (affirming the lower court's dismissal of plaintiff's NYSHRL and NYCHRL discrimination claims where plaintiff did not make "any factual allegations that she was adversely treated under circumstances giving rise to an inference of discrimination," and she failed to "adequately plead discriminatory animus").

      Similarly, in "order to establish a hostile work environment claim . . . plaintiff[s] must produce enough evidence to show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the[ir]. . . employment and create an abusive working environment.'"  Rivera v. Rochester Genesee Reg'l Transp. Auth., 702 F.3d 685, 698 (2d Cir. 2012) (internal quotations and citations omitted).   It is settled that even when a plaintiff establishes that she was exposed to an objectively and subjectively hostile work environment, she "will not have a claim . . . unless she can also demonstrate that the hostile work environment was caused by animus" towards her based on her protected class.  Sullivan v. Newburgh Enlarged Sch. Dist. Clarence Cooper, 281 F. Supp. 2d 689, 704 (S.D.N.Y. 2003).  The NYCHRL does not require the "severe or pervasive" standard, but a hostile work environment "claim under [NYCHRL] should be dismissed if the plaintiff does not allege behavior by the defendant that 'cannot be said to fall within the broad range of conduct that falls between severe and pervasive on the one hand and a petty slight or trivial inconvenience on the other.'" Kishia Bright v. Coca Cola Refreshments USA, Inc., 2014 U.S. Dist. LEXIS 155565, *5 (E.D.N.Y. Nov. 3, 2014) (quoting Hernandez v. Kaisman, 103 A.D.3d 106, 114-15, 957 N.Y.S.2d 53 (1st Dep't 2012), aff'd Kishia Bright v. Coca-Cola Refreshments USA, Inc., 2015 U.S. App. LEXIS 22042 (2d Cir. 2015).

      Here, plaintiffs have alleged no facts in support of these claims, and as such, the claims should be dismissed.  See Askin v. Dept. of Educ. of the City of New York, 973 N.Y.S.2d

629, 630 (App. Div. 1st Dept. 2013) ("[p]laintiff's failure adequately plead discriminatory animus is . . . fatal to her claims of hostile work environment").

At the outset, plaintiffs' conclusory and baseless allegations that Ms. Le Goff subjected them to disparate treatment because of their gender fail. Courts consistently reject claims of discrimination where the alleged discriminators are in the same protected class as plaintiff. See, e.g., Whitting v. Locust Valley Cent. Sch. Dist., 2012 U.S. Dist. LEXIS 152233 (E.D.N.Y. Oct. 22, 2012); Cooper v. Morgenthau, 2001 U.S. Dist. LEXIS 10904 (S.D.N.Y. July 31, 2001).

Next, plaintiff's conclusory assertions that they were generally "treated less well than Mr. Wall because of their race, gender and sex" is insufficient to demonstrate that they were subject to adverse action. See Compl. at ¶ 33. It is well settled that where plaintiffs' complaint "consists of no more than barebones allegations the [they] 'endured discrimination' and that 'discrimination . . . was going on in [their] department,'" "an inference of discrimination from this bald assertion would be unreasonable and cannot be made." Kasraie v. Jumeirah Hospitality & Leisure (USA), Inc., 2013 U.S. Dist. LEXIS 147805 (S.D.N.Y. Oct. 10, 2013) (dismissing plaintiff's discrimination claims under NYSHRL and NYCHRL).

Plaintiffs have further failed to plead facts showing any nexus between their race and actions alleged to have been taken by Ms. Le Goff; they merely offer their self-serving comparison to the single individual whom they claim was treated differently from them. See, e.g., Thompson v. ABVI Goodwill Services, 2013 U.S. App. LEXIS 18680, *3 (2d Cir. 2013); Askin supra at 622 (dismissing plaintiff's claims as amounting to "mere legal conclusions" where "plaintiff assert[ed] that defendants' actions were motivated by age-related bias, [but] she [did] not make any concrete factual allegation in support of that claim, other than that she was 54

years old and was treated adversely under the [NYSHRL] or less well under the [NYCHRL]").

It is well settled that where, as here, plaintiffs have "not made any factual allegations that [they]

were adversely treated under circumstances giving rise to an inference of discrimination," such a

claim would fail.  See Askin supra; see also Llanos supra.  Accordingly, plaintiffs' claims should

be dismissed.

### C.        Plaintiffs Fail to State A Retaliation Claim

Plaintiffs' retaliation claims under §§ 1981, 1983, NYCHRL and NYSHRL

should also be dismissed.  A claim for retaliation under all four statutes requires a plaintiff to

plead facts that would tend to show that there is a causal connection between some protected

activity and the alleged wrongful conduct complained of.  See Patane v. Clark, 508 F.3d 106 (2d

Cir. 2007); Baldwin v. Cablevision Sys. Corp., 65 A.D.3d 961, 967 (1st Dept. 2009); See

Forrest, supra, 3 N.Y.3d at 312-313, 786 N.Y.S.2d at 396; See Fletcher v. The Dakota, Inc., 99

A.D.3d 43, 51-52 (1st Dept. 2012).

In Whitfield-Ortiz v. Department of Educ. of the City of New York, 116 A.D.3d

580, 581 (1st Dep't 2014), the Appellate Division upheld the lower court's dismissal of

plaintiff's NYSHRL and NYCHRL retaliation claims where she failed to plead any facts

regarding "when the allegedly retaliatory incidents occurred or how those incidents were

causally connected to any protected activity."  Id.

As stated, plaintiffs' failure to specify how, or when, they each engaged in any

allegedly protected activity, or provide any dates that they were allegedly subjected to adverse

action, makes it impossible for them to establish a causal connection between the two.  Though

plaintiffs allege that they each filed a complaint with the SDHR alleging pay disparities, they do

not allege that they were subsequently subjected to adverse action, or that a connection exists

between any such adverse action and their complaints.   Accordingly, their claims should be dismissed.

**POINT VII**

**PLAINTIFFS HAVE NOT STATED A <u>MONELL</u> CLAIM TO SUSTAIN THEIR §§ <u>1981 AND 1983 CLAIMS AGAINST THE CITY</u>**

Plaintiffs' §§ 1981 and 1983 claim also fail because plaintiffs have failed to demonstrate that the alleged violations of their rights were the result of an official policy or custom of the City of New York.   To hold the City liable under these statutes, plaintiffs must demonstrate that their rights were violated pursuant to an official policy, practice or custom.   <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978); <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 735-36 (1989).   It is settled that, "when the defendant sued for discrimination under § 1981 or § 1983 is a municipality . . . the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom."   <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 226 (2d Cir. 2004); <u>see also</u> <u>Monell</u>, 436 U.S. at 694. <u>Philippeaux v. North Cent. Bronx Hosp.</u>, No. 96-7362, 1996 U.S. App. LEXIS 30736, 1996 WL 680758 (2d Cir. Nov. 22, 1996) ("To recover under 42 U.S.C. §§ 1981 [or] . . . 1983 . . ., a plaintiff must show that there is a 'custom or policy' of the alleged discriminatory conduct.").

Here, the complaint does not even make reference to a City policy, practice or custom.   Therefore, plaintiffs' claims against the City under §§ 1981 and 1983 should be dismissed.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court issue an order dismissing the complaint in its entirety with prejudice, and entering judgment for defendants, together with such other and further relief as this Court may deem just and proper.

Dated:        New York, New York
              February 18, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-171
                              New York, New York 10007
                              (212) 356-2475
                              sblank@law.nyc.gov


                              By:_____/s/_____
                                   Shira Blank
                                   Assistant Corporation Counsel

- 19 -